IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY DEON BROWN, | § | |
| TDCJ #713876, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1046 |
| | § | |
| WARDEN PACIFICA, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Rodney Deon Brown (TDCJ #713876), is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Brown has filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*. At the Court's request, Brown has provided a more definite statement of his claims. (Doc. # 9). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.   BACKGROUND

Brown is currently in custody at the Estelle Unit in Huntsville, Texas. The incident that forms the basis of Brown's complaint occurred at the Wynne Unit on June 30, 2006, where Brown was formerly assigned. Brown sues several TDCJ employees assigned to the Wynne Unit facility, including Warden Thomas Pacifica, Assistant Warden Johnson, and Captain Simpson.

Brown explains that, on June 30, 2006, he was assigned to the administrative segregation wing of the Wynne Unit for assaulting a staff member.  While being escorted to his cell from the prison barber shop, Brown reports that he was assaulted by another inmate named "Effern Nunez."  Brown claims that Nunez stabbed him repeatedly with a "9 ½ inch homemade knife" that he made from a piece of the recreation yard fence.  Brown was seriously injured as the result of this assault and was hospitalized for a week.

Brown complains that Warden Pacifica, Assistant Warden Johnson, and Captain Simpson failed to protect him from harm on the day of the assault in violation of his Eighth Amendment rights.  Brown claims that Warden Pacifica and Assistant Warden Johnson are responsible as supervisory officials for the safety of all inmates at the Wynne Unit.  Brown asserts that Captain Simpson is responsible for the safety of inmates in administrative segregation because, as a ranking officer, he is in charge of security for this portion of the prison.  Brown seeks compensatory damages from all of the defendants for the injuries he suffered. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim

upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

### A.   Supervisory Liability

Brown plainly seeks damages from the defendants in their capacity as supervisory officials at the Wynne Unit.  A supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003).  Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation.  *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor.").

Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins*, 828 F.2d at 304 (quotations omitted).

Brown does not allege facts showing that the defendants had any personal involvement with the events outlined in the complaint. Likewise, Brown does not articulate facts showing that the defendants were responsible for implementing a deficient policy that operated as the moving force behind the alleged constitutional violation in this case. Accordingly, Brown fails to state a claim upon which relief can be granted against the defendants. In the alternative, Brown fails to establish a valid claim for other reasons discussed briefly below.

### B.   Failure to Protect

To establish a failure-to-protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.*; *see also Oliver v.*

*Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

Brown concedes that he did not receive any threat from the inmate who attacked him and, further, that he never reported any threat to prison officials or asserted a need for protection before the assault occurred. (Docket No. 9, ¶ 11). Brown complains, nevertheless, that the inmate who attacked him (Nunez) was dangerous and that prison officials knew or should have known that he posed a danger to other inmates. According to Brown, who describes himself as "black," Nunez reportedly told an OIG official (Officer Richard W. Lee, with the TDCJ Office of Inspector General) a "couple of days" before the assault occurred that he believed "all the blacks, both guards, and inmates, were trying to poison his food," and that he was planning to "take matters into his own hands" if someone did not stop this from happening. Brown believes that prison officials did not take this threat seriously and that they should have moved Nunez to a "more secured area" of the prison.

Brown does not complain that the defendants failed to protect him from any specific threat to his safety. Instead, Brown claims that the defendants failed in general to prevent the assault. Allegations of this sort, which rise only to the level of mere negligence, are not sufficient to state a failure-to-protect claim. *See Farmer*, 511 U.S. at 837; *see also Neals*, 59 F.3d at 533 (concluding that allegations amounting to a claim of negligence in the failure-to-protect context did not raise a non-frivolous constitutional claim); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

In this case, Brown concedes that he was confined to administrative segregation at the time of the assault, which reportedly happened just as Brown was about to enter his cell while he was being escorted by a correctional officer. Nunez was also assigned to administrative segregation in a nearby cell at that time. The Court notes that administrative segregation is the highest level of protective housing that TDCJ can provide inmates. *See, e.g., Cantu v. Jones*, 293 F.3d 839, 841 (5th Cir. 2002) ("Offenders incarcerated in administrative segregation remain alone in their cells for 23 hours a day and are allowed out of their cells for only one hour of recreation each day followed by a shower."); *Comeaux v. Thaler*, — F. Supp.2d —, —, 2008 WL 818341, at *2 (S.D. Tex. 2008) (noting that " administrative segregation is the most restrictive classification that a TDCJ inmate can have and is reserved for those inmates who are either deemed a serious risk to the safety of officers and other inmates or who are confirmed affiliates of a designated Security Threat Group or gang"). Under these circumstances, Brown does not demonstrate that prison officials failed to take reasonable steps to protect other offenders and staff members from assault by Nunez or that they acted with deliberate indifference to Brown's need for safety. Accordingly, the Court concludes that the § 1983 claim by Brown lacks an arguable basis in law and must be dismissed.

## IV.  CONCLUSION

Based on the foregoing, it is **ORDERED** that the complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a valid claim.

**The Clerk is directed to provide copies of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on June 12th, 2008.

Nancy F. Atlas
United States District Judge